# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/05/2020 12:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV46211

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U.S. BANK NATIONAL ASSOC., a Delaware Corporation, U.S. BANCORP, a Delaware Corporation, and DOES 1 through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARTHUR SHISHMANIAN, an individual,

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: Los Angeles Superior Court
*(El nombre y dirección de la corte es):*

111 North Hill Street
Same as above
Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 20STCV46211 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Jacob NAlbandyan, Esq | Vanoohi Torossian, Esq.
Levin & Nalbandyan, LLP
811 Wilshire Blvd., Suite 800, Los Angeles, CA 90017
Phone: (213) 232-4848 | Fax: (213) 232-4849

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 12/03/2020 | Clerk, by<br>*(Secretario)* R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* U.S. Bank National Assoc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2020 12:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
20STCV46211

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

1  A. Jacob Nalbandyan, Esq.  (SBN 272023)
   jnalbandyan@LNtriallawyers.com
2  Vanoohi Torossian, Esq.  (SBN 328536)
   vtorossian@LNtriallawyers.com
3  **Levin & Nalbandyan, LLP**
4  811 Wilshire Blvd, Suite 800
   Los Angeles, CA  90017
5  Tel: (213) 232-4848
6  Fax: (213) 232-4849

7  Attorneys for Plaintiff,
   ARTHUR SHISHMANIAN
8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

11

12 ARTHUR SHISHMANIAN, an individual,    ) Case No.: 20STCV46211

13              Plaintiff,                )
                                          )       1.  **DISABILITY DISCRIMINATION IN**
14                                        )           **VIOLATION OF THE FAIR**
                                          )           **EMPLOYMENT AND HOUSING ACT**
15          vs.                           )       2.  **FAILURE TO PROVIDE**
                                          )           **REASONABLE ACCOMMODATIONS**
16                                        )           **IN VIOLATION OF THE FAIR**
                                          )           **EMPLOYMENT AND HOUSING ACT**
17 U.S. BANK NATIONAL ASSOC., a Delaware  )       3.  **FAILURE TO ENGAGE IN A GOOD**
18 Corporation, U.S. BANCORP, a Delaware  )           **FAITH INTERACTIVE PROCESS IN**
   Corporation, and DOES 1 through 20, Inclusive, )   **VIOLATION OF THE FAIR**
19                                        )           **EMPLOYMENT AND HOUSING ACT**
              Defendants.                 )       4.  **RETALIATION IN VIOLATION OF**
20                                        )           **THE FAIR EMPLOYMENT AND**
                                          )           **HOUSING ACT**
21                                        )       5.  **FAILURE TO PREVENT**
22                                        )           **DISCRIMINATION AND**
                                          )           **RETALIATION IN VIOLATION OF**
23                                        )           **THE FAIR EMPLOYMENT AND**
                                          )           **HOUSING ACT**
24                                        )       6.  **WRONGFUL TERMINATION IN**
25                                        )           **VIOLATION OF PUBLIC POLICY**
                                          )
26                                        )           **Demand over $25,000.00**
27                                        )           **DEMAND FOR JURY TRIAL**
                                          )
28

L&N File #: 4686                        - i -

**COMPLAINT FOR DAMAGES**

ARTHUR SHISHMANIAN ("Plaintiff") is informed and believes, and thereon alleges, the following:

## PARTIES, VENUE AND JURISDICTION

1. Plaintiff, at all times relevant to this action, resided in Los Angeles, California.

2. Defendant U.S. BANK NATIONAL ASSOC. ("U.S. BANK") and Defendant U.S. BANKORP ("U.S. BANKCORP") ("collectively Defendants") are Delaware corporations owned by identical shareholders, operating under the same practices and policies, with their principal place of business in Los Angeles, California.

3. Plaintiff is informed and believes, and thereon alleges that Defendants are engaged in the business of banking services.

4. The unlawful acts pleaded herein occurred in Los Angeles County, California.

5. Venue is proper in Los Angeles County, California pursuant to California Government Code § 12965.

6. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious name. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

8. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as herein alleged.

9. Pursuant to CAL. GOV'T CODE §§12960, et seq., Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing ("DFEH") on December 3, 2020, less than one year from the date of most occurrence. On December 3, 2020, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

///

///

### FACTUAL ALLEGATIONS

10.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

11.     U.S. BANK controlled the day-to-day duties and function of Plaintiff's work, including his hiring process, work schedule, assignments, break times, the manner, means of completing his daily work, and Plaintiff's payment of wages.

12.     U.S. BANCORP, as a holding company, provided administrative services to its subsidiary, U.S. BANK.

13.     Plaintiff began his employment with Defendants on or about February 22, 2017 as a Branch Manager in Defendants' Calabasas branch. Plaintiff was responsible for the management and administration of the branch as well as the management of a team of about five employees.

14.     On or about July 27, 2018, Plaintiff was treated at University of Southern California ("USC") for Vertigo symptoms, caused by work related stress, which limited his ability to work. Plaintiff was placed on medical leave from work from about July 27, 2018 to about July 31, 2018. On or about the same day, Plaintiff faxed his doctor's note to his supervisor, Christina Ketsoyan ("Ms. Ketsoyan"), District Manager, informing about his leave.

15.     In or about August, 2018, Plaintiff returned to work at Defendants' Calabasas branch. In the same month, Plaintiff was transferred by Defendants to work at its Simi Valley branch.

16.     On or about September 7, 2018, Plaintiff visited the Emergency Room due to vertigo symptoms and stress. Plaintiff continued to work his regular schedule and responsibilities with Defendants at the Simi Valley branch.

17.     On September 29, 2018, Plaintiff was placed on medical leave from work by his doctor from about September 27, 2018 to about October 1, 2018. On or about the same day, Plaintiff faxed his doctor's note to Ms. Ketsoyan, informing about his leave.

18.     Plaintiff returned to work at Defendants' Simi Valley branch on or about October 2, 2018, but still struggled with stress and vertigo symptoms.

///

///

**COMPLAINT FOR DAMAGES**

19.     On or about November 1, 2018, Plaintiff was placed on medical leave from work by his doctor from about November 1, 2018 to about November 9, 2018. On or about the same day, Plaintiff faxed his doctor's note to Ms. Ketsoyan informing about his leave.

20.     On or about November 9, 2018, Plaintiff was placed on temporary disability leave by his doctor from about November 9, 2018 to about March 9, 2019. On or about the same day, Plaintiff faxed his doctor's note to Ms. Ketsoyan updating Defendants about his leave.

21.     On or about February 11, 2019, Plaintiff faxed Lori Cisneros ("Ms. Cisneros"), Human Resources Representative, a form completed by his medical provider describing Plaintiff's temporary disability, duration, and disability leave accommodation request.

22.     On or about February 28, 2019, Plaintiff's temporary disability leave was extended by his doctor until about September 10, 2019. On or about the same day, Plaintiff faxed his doctor's disability extension note to Ms. Ketsoyan.

23.     On or about March 26, 2019, Plaintiff received a letter from Ms. Cisneros, informing him that Defendants intended to fill his position, but reassured Plaintiff this was not a termination of his employment. The letter informed Plaintiff this would not affect his ability to participate in health and welfare benefits offered by Defendants.

24.     On or about May 31, 2019, Defendants terminated Plaintiff's health care coverage.

25.     On or about August 16, 2019, Plaintiff's temporary disability was extended until about November 11, 2019. On or about the same day, Plaintiff faxed his doctor's disability extension note to Ms. Ketsoyan.

26.     In or about November, 2019, Plaintiff's temporary disability leave was extended by his doctor until about December 14, 2019. In or about the same month, Plaintiff faxed his doctor's note to Ms. Ketsoyan, updating Defendants of his leave.

27.     In or about December 2019, Plaintiff contacted Defendants, spoke to a Human Resources Representative, and informed he was ready to return to work. Plaintiff was informed his position was no longer available and he would have to apply once again. Plaintiff was also informed there were no open positions for him.

///

28.     From approximately December 2019 until about February 2020, Defendants did not communicate with Plaintiff.

29.     On or about February 10, 2020, Plaintiff received paperwork from Defendants informing his employment was terminated on or about February 7, 2020.

30.     Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial desperation for having been terminated due to his serious health condition, disability, perceived disability, and/or history of disability and for having been directly discriminated and retaliated against for his disability and requests/need for reasonable accommodation.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE FAIR EMPLOYMENT AND HOUSING ACT

31.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

32.     At all times relevant to this action, Plaintiff was employed by Defendants.

33.     At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

34.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(m) because of his disability, perceived disability, and/or history of disability.

35.     At all times relevant to this action, Defendants unlawfully discriminated against Plaintiff on the basis of his disability, perceived disability, and/or history of disability by terminating his employment.

36.     Defendants were substantially motivated to terminate Plaintiff because of his disability, perceived disability, and/or history of disability.

37.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

COMPLAINT FOR DAMAGES

1   have been diminished. The exact amount of such expenses and losses is presently unknown, and

2   Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

3   ascertained.

4        38.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general

5   damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

6   great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

7        39.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time

8   in the future, will be required to employ physicians and incur additional medical and incidental

9   expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

10  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

11       40.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

12  directors, and/or managing agents of Defendants acted with malice and oppression as their unlawful

13  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

14  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

15  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

16  employment benefits. Accordingly, an award of punitive damages is warranted.

17       41.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendants'

18  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

19  consent, and authorization of Defendants and were subsequently authorized and ratified by them as

20  well by and through its officers, directors, and/or managing agents.

21

22  **SECOND CAUSE OF ACTION**

23  **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF**

24  **THE FAIR EMPLOYMENT AND HOUSING ACT**

25       42.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

26  Complaint, as though fully set forth herein.

27       43.    At all times relevant to this action, Plaintiff was employed by Defendant.

28       44.    At all times relevant to this action, Defendants were employers who regularly

1   employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

2       45.     At all times relevant to this action, Plaintiff was a member of a protected class within

3   the meaning of CAL. GOV'T CODE § 12926(m) because of his disability, perceived disability, and/or

4   history of disability.

5       46.     At all times relevant to this action, Defendants unlawfully failed to provide Plaintiff

6   reasonable accommodations, in violation of CAL. GOV'T CODE § 12940(m), despite the fact that it had

7   actual and/or constructive knowledge of his disability, need for accommodations, and Plaintiff's actual

8   and/or constructive requests for accommodations.

9       47.     Defendants' failure to accommodate Plaintiff was substantially motivated by his

10  disability, perceived disability, and/or history of disability, as previously pled herein.

11      48.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and

12  continues to suffer losses in earnings and other benefits and will for a period of time in the future be

13  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

14  have been diminished. The exact amount of such expenses and losses is presently unknown, and

15  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

16  ascertained.

17      49.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered general

18  damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

19  great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

20      50.     As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time

21  in the future, will be required to employ physicians and incur additional medical and incidental

22  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

23  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

24      51.     Plaintiff is informed and believes, and thereon alleges that the employees, officers,

25  directors, and/or managing agents of Defendants acted with malice and oppression as their unlawful

26  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

27  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

28  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

**COMPLAINT FOR DAMAGES**

1    employment benefits. Accordingly, an award of punitive damages is warranted.

2         52.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendants'

3    employees, officers, directors, and/or managing agents were undertaken with the prior approval,

4    consent, and authorization of Defendants and were subsequently authorized and ratified by them as

5    well by and through its officers, directors, and/or managing agents.

6

7                              **THIRD CAUSE OF ACTION**

8    **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF**

9                    **THE FAIR EMPLOYMENT AND HOUSING ACT**

10        53.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

11   Complaint, as though fully set forth herein.

12        54.    At all times relevant to this action, Plaintiff was employed by Defendants.

13        55.    At all times relevant to this action, Defendants were employers who regularly employed

14   five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

15        56.    At all times relevant to this action, Plaintiff was a member of a protected class within

16   the meaning of CAL. GOV'T CODE § 12926(m) because of his disability, perceived disability, and/or

17   history of disability.

18        57.    Defendants unlawfully failed to engage in a good-faith, interactive process with

19   Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and/or

20   constructive knowledge of his disability and/or perceived disability, in violation of CAL. GOV'T CODE

21   §§ 12940(n) and 12926.1(e), as previously pled herein.

22        58.    Defendants' failure to engage in a good-faith interactive process with Plaintiff was

23   substantially motivated by disability, perceived disability, and/or history of disability, as previously

24   pled herein.

25        59.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and

26   continues to suffer losses in earnings and other benefits and will for a period of time in the future be

27   unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

28   have been diminished. The exact amount of such expenses and losses is presently unknown, and

1  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

2  ascertained.

3        60.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general

4  damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

5  great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

6        61.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time

7  in the future, will be required to employ physicians and incur additional medical and incidental

8  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

9  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

10        62.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

11  directors, and/or managing agents of Defendants acted with malice and oppression as their unlawful

12  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

13  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

14  fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

15  employment benefits. Accordingly, an award of punitive damages is warranted.

16        63.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendants'

17  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

18  consent, and authorization of Defendants and were subsequently authorized and ratified by them as

19  well by and through its officers, directors, and/or managing agents.

20

21  **FOURTH CAUSE OF ACTION**

22  **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

23        64.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

24  Complaint, as though fully set forth herein.

25        65.    At all times relevant to this action, Plaintiff was employed by Defendants.

26        66.    At all times relevant to this action, CAL. GOV'T CODE §§ 12900 *et seq.* were in full

27  force and effect and were binding upon Defendants. These sections, *inter alia*, require Defendants to

28  refrain from discriminating and retaliating against any employee on the basis of a disability, perceived

1  disability, and/or history of disability, requests/need for accommodation, and opposition to conduct

2  related thereto.

3      67.    Defendants engaged in conduct that, taken as a whole, materially and adversely

4  affected the terms and conditions of Plaintiff's employment.

5      68.    Plaintiff's assertion of his rights under CAL. GOV'T CODE §§ 12900 *et seq.* was a

6  substantial motivating reason for Defendants' decision to retaliate against him. Defendants' conduct

7  was a substantial factor in causing harm to Plaintiff, as set forth herein.

8      69.    At all times relevant to this action, Defendants unlawfully retaliated against Plaintiff, in

9  violation of CAL. GOV'T CODE §§ 12940(h) and 12940(m)(2) by terminating his employment.

10     70.    Defendants' retaliatory termination of Plaintiff's employment was substantially

11  motivated by his disability, perceived disability, and/or history of disability, requests/need for

12  accommodation, and opposition to Defendants' conduct related thereto, as previously pled herein.

13     71.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and

14  continues to suffer losses in earnings and other benefits and will for a period of time in the future be

15  unable to obtain gainful employment, as his ability to obtain such employment and earning capacity

16  have been diminished. The exact amount of such expenses and losses is presently unknown, and

17  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

18  ascertained.

19     72.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general

20  damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff

21  great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

22     73.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time

23  in the future, will be required to employ physicians and incur additional medical and incidental

24  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave

25  of court to amend this Complaint to set forth the exact amount when it has been ascertained.

26     74.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

27  directors, and/or managing agents of Defendants acted with malice and oppression as their unlawful

28  acts were carried out with full knowledge of the extreme risk of injury involved and with willful and

L&N File #: 4686                        -16-

**COMPLAINT FOR DAMAGES**

conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

75.     Plaintiff is informed and believes, and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through its officers, directors, and/or managing agents.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

76.     Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

77.     At all times relevant to this action, Plaintiff was employed by Defendants.

78.     At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12926(d).

79.     At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(m) because of his disability, perceived disability, and/or history of disability.

80.     At all times relevant to this action, Defendants unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of his disability, perceived disability, and/or history of disability, requests/need for accommodation, and opposition to related conduct by terminating his employment.

81.     Defendants were substantially motivated to terminate Plaintiff because of his disability, perceived disability, and/or history of disability, requests/need for accommodation, and opposition to related conduct, as previously pled herein.

82.     Defendants failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE

L&N File #: 4686                                    -11-

§12940(k), even when management level employees of Defendants became aware of the discriminatory and retaliatory conduct. Instead, Defendants terminated Plaintiff in bad faith.

83.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

84.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

85.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

86.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

87.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through its officers, directors, and/or managing agents.

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

88.  Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

89.  At all times relevant to this action, Plaintiff was employed by Defendants.

90.  At all times relevant to this action, CAL. GOV'T CODE §§12900 *et seq.* were in full force and effect and were binding upon Defendants. These sections, *inter alia*, require Defendants to refrain from discriminating, retaliating against, or terminating any employee on the basis of a disability, perceived disability, and/or history of disability, request/need for accommodation, serious health condition, medical leave of absence, and opposition to conduct related thereto.

91.  Defendants' conduct, as previously alleged, was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

92.  Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendants' decision to discriminate, retaliate against, and terminate Plaintiff. Defendants' conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

93.  CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

94.  Defendants' wrongful termination of Plaintiff's employment was substantially motivated by his disability, perceived disability, and/or history of disability, requests/need for accommodation, serious health condition, medical leaves of absence, and opposition to conduct related thereto.

95.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer losses in earnings and other benefits and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

96.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages as he was psychologically injured. Such injuries have caused, and continue to cause, Plaintiff great mental pain and suffering in an amount in excess of this Court's minimal jurisdiction.

**COMPLAINT FOR DAMAGES**

97.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

98.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

99.    Plaintiff is informed and believes, and thereon alleges that the actions of Defendants' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by them as well by and through its officers, directors, and/or managing agents.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ARTHUR SHISHMANIAN, prays for judgment against Defendants U.S. BANK NATIONAL ASSOC., U.S. BANCORP, and DOES 1 through 20, as follows:

1. Past and future economic and non-economic damages according to proof;

2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;

3. Injunctive relief compelling Defendants to reinstate Plaintiff to his previous position, prohibiting Defendants from engaging in similar unlawful conduct as complained of herein, and ordering Defendants to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;

4. Declaratory relief that Defendants' conduct as complained of herein was a violation of Plaintiff's rights;

5. Punitive damages; and

L&N File #: 4686

-14-

6. All other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: December 3, 2019

**LEVIN & NALBANDYAN, LLP**

By: _____
A. Jacob Nalbandyan, Esq.
Vanoohi Torossian, Esq.
Attorneys for Plaintiff,
ARTHUR SHISMANIAN



L&N File #: 4686

-15-

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 3, 2020

A. Jacob Nalbandyan
811 Wilshire Blvd
Suite 800
Los Angeles, California 90017

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202012-11976303
Right to Sue: Shishmanian / U.S. Bancorp et al.

Dear A. Jacob Nalbandyan:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 3, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202012-11976303
      Right to Sue: Shishmanian / U.S. Bancorp et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA l Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 3, 2020

Arthur Shishmanian
14147 Moorpark St.
Sherman Oaks, California 91423

RE:     **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202012-11976303
Right to Sue: Shishmanian / U.S. Bancorp et al.

Dear Arthur Shishmanian:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 3, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Arthur Shishmanian                                          DFEH No. 202012-11976303

                              Complainant,

vs.

U.S. Bancorp
800 Nicollet Mall
Minneapolis, Minnesota 55402

U.S. Bank National Assoc
400 W Broadway
Robbinsdale, Minnesota 55422

                              Respondents

_____

1. Respondent **U.S. Bancorp** is an **employer U.S. Bancorp** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **U.S. Bank National Assoc** as individual Co-Respondent(s).

3. Complainant **Arthur Shishmanian**, resides in the City of **Sherman Oaks,** State of **California.**

4. Complainant alleges that on or about **November 27, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over), association with a member of a protected class and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used

Date Filed: December 3, 2020

leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

**Additional Complaint Details:** Complainant began his employment with Respondents on or about February 22, 2017 as a Branch Manager in Respondents' Calabasas branch. Complainant was responsible for the management and administration of the branch and a team of about five employees. On or about July 27, 2018, Complainant was treated at the USC hospital for Vertigo symptoms, caused by work related stress, which limited his ability to work. Complainant was placed on medical leave from work from about July 27, 2018 to July 31, 2018. On or about the same day, Complainant faxed his doctor's note to his supervisor, Christina Ketsoyan ("Ms. Ketsoyan"), District Manager. In or about August, 2018, Complainant returned to work at Respondents' Calabasas branch. In the same month, Complainant was transferred by Respondents to work at its Simi Valley branch. On or about September 7, 2018, Complainant visited the Emergency Room due to vertigo symptoms and stress. Complainant continued to work his regular schedule and responsibilities with Respondents at the Simi Valley branch. On September 29, 2018, Complainant was placed on medical leave from work by his doctor from about September 27, 2018 to about October 1, 2018. On or about the same day, Complainant faxed his doctor's note to Ms. Ketsoyan. Complainant returned to work at the Simi Valley branch on or about October 2, 2018, but still struggled with stress and vertigo symptoms. On or about November 1, 2018, Complainant was placed on medical leave by his doctor from about November 1, 2018 to November 9, 2018. On or about the same day, Complainant faxed his doctor's note to Ms. Ketsoyan. On or about November 9, 2018, Complainant was placed on temporary disability leave by his doctor from about November 9, 2018 to March 9, 2019. On or about the same day, Complainant faxed his doctor's note to Ms. Ketsoyan updating Respondents about his leave. On or about February 11, 2019, Complainant faxed Lori Cisneros ("Ms. Cisneros"), Human Resources Representative, a form completed by his medical provider describing Complainant's temporary disability, duration, and disability leave accommodation request. On or about February 28, 2019, Complainant's temporary disability leave was extended by his doctor until about September 10, 2019. On or about the same day, Complainant faxed his doctor's note to Ms. Ketsoyan. On or about March 26, 2019, Complainant received a letter from Ms. Cisneros, informing him that Respondents intended to fill his position, but reassured him that this was not a termination of his employment. It also informed Complainant this would not affect his ability to participate in health and welfare benefits offered by Respondents. On or about May 31, 2019, Respondents terminated Complainant's health care coverage. On or about August 16, 2019, Complainant's temporary disability was extended until about November 11, 2019. On or about the same day, Complainant faxed his doctor's note to Ms. Ketsoyan. In or about November 2019, Complainant's leave was extended by his doctor until about December 14, 2019. In or about the same month, Complainant faxed his doctor's note to Ms. Ketsoyan. In or about December, 2019, Complainant contacted Respondents, spoke to a HR Representative, and informed he was ready to return to work. Complainant was informed his position was no longer available and

Date Filed: December 3, 2020

1    he would have to apply once again. Complainant was also informed there were no open
2    positions for him. From approximately December 2019 until about February 2020, Respondents did not communicate with Complainant. On or about February 10, 2020,
3    Complainant received paperwork informing his employment was terminated on February 7, 2020. Complainant was left embarrassed, ashamed, emotionally hurt, and in financial
4    desperation for having been terminated due to his serious health condition, disability, perceived disability, and/or history of disability and for having been directly retaliated and
5    discriminated against for his disability and request/need for reasonable accommodation.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-3-
*Complaint – DFEH No. 202012-11976303*

Date Filed: December 3, 2020

VERIFICATION

I, **A. Jacob Nalbandyan**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 3, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-
*Complaint – DFEH No. 202012-11976303*

Date Filed: December 3, 2020

Electronically FILED by Superior Court of California, County of Los Angeles on 12/03/2020 04:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>A. Jacob Nalbandyan (SBN 272023)<br>Vanoohi Torossian (SBN 328536)<br>Levin & Nalbandyan, LLP<br>811 Wilshire Blvd., Suite 800, Los Angeles, CA 90017<br>　　TELEPHONE NO.:(213) 232-4848　　　FAX NO.:(213)232-4849<br>ATTORNEY FOR *(Name):* Arthur Shishmanian | *FOR COURT USE ONLY* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
　　STREET ADDRESS: 111 North Hill Street
　　MAILING ADDRESS:
　　CITY AND ZIP CODE: Los Angeles, CA 90017
　　BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME:<br>Arthur Shishmanian v. US Bank National Association | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>20STCV46211 |
|---|---|---|
| [X] Unlimited　[ ] Limited<br>　(Amount　　(Amount<br>　demanded　　demanded is<br>　exceeds $25,000)　$25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1-5 below must be completed (see *instructions* on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties
　b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. [ ] Substantial amount of documentary evidence
　d. [ ] Large number of witnesses
　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. [ ] Substantial post judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
　a. [X] monetary　b. [X] nonmonetary; declaratory or injunctive relief　c. [X] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (*You may use form CM-015.*)
Date: 12/3/2020

Vanoohi Torossian, Esq.
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 3.220, 3.400 - 3.403;<br>Standards of Judicial Administration, § 19 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)-Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) (*if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal
         Injury/Wrongful Death
   Product Liability (*not asbestos or
      toxic/environmental*) (24)
   Medical Malpractice (45)
      Medical Malpractice-
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) (*not civil
      harassment*) (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         (*not medical or legal*)
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract (*not unlawful detainer
         or wrongful eviction*)
      Contract/Warranty Breach-Seller
         Plaintiff (*not fraud or negligence*)
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case-Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage (*not provisionally
      complex*) (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property (*not eminent
         domain, landlord/tenant, or
         foreclosure*)

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) (*if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or
      Residential*)

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ-Administrative Mandamus
      Writ-Mandamus on Limited Court
         Case Matter
      Writ-Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal-Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 3.400-3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      (*arising from provisionally
      complex case type listed above*)
      (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgement (Out of
         County)
      Confession of Judgement (*non-
         domestic relations*)
      Sister State Judgment
      Administrative Agency Award
         (*not unpaid taxes*)
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint (*not specified
      above*) (42)
      Declaratory Relief Only
      Injunctive Relief Only (*non-
         harassment*)
      Mechanics Lien
      Other Commercial Complaint
         Case (*non-tort/non-complex*)
      Other Civil Complaint
         (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition (*not specified above*)
      (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief for Late
         Claim
      Other Civil Petition

| SHORT TITLE: Arthur Shishmanian v. US Bank National Association | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Arthur Shishmanian v. US Bank National Association | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Arthur Shishmanian v. US Bank National Association | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Arthur Shishmanian v. US Bank National Association | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1445 E Los Angeles Avenue |
|---|---|

| CITY<br>Simi Valley | STATE:<br>CA | ZIP CODE:<br>93065 | |
|---|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __12/03/20__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4